861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Llewellyn Tucker FLIPPEN, Defendant-Appellant.
 No. 88-5041.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 13, 1988.
Decided Sept. 26, 1988.
 
 Michael Morchower, Elizabeth H. Dashiell, Morchower, Luxton, Whaley on brief for appellant.
 Henry E. Hudson, United States Attorney, Roger W. Frydrychowski, Assistant United States Attorney, Richard Lankford, Student Intern on brief for appellee.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Llewellyn Tucker Flippen appeals from a conviction for receiving child pornography in the mail in violation of 18 U.S.C. Sec. 2252(a)(2). He challenges the search warrant that issued in anticipation of his receipt of the pornographic materials. He also contends that the evidence showing the materials were delivered to his home as requested is insufficient to support his conviction for knowingly receiving the materials. Finding no merit in these challenges, we affirm, though on different grounds as to the search warrant from that relied upon in the district court.
 
 
 2
 * Flippen's prosecution arose out of the United States Postal Inspection Service's nationwide sting project known as "Operation Looking Glass." The operation was established to identify and prosecute those who solicit child pornography through the mails. After Flippen was identified as a suspect, the Postal Service communicated with him through its fictional child pornography mail order firm, the Far Eastern Trading Company, Ltd. Flippen requested the company's catalogue and later ordered a tape, "Pre-Teen Trio," and a magazine, "Dutch Boys." With his order form, Flippen sent an address correction indicating he wanted the materials mailed to his home address as corrected.
 
 
 3
 When Flippen's order was received, a postal inspector prepared the requested mailing, addressed it to Flippen as directed, and placed it with the regular mail to be delivered under controlled circumstances by the regular mail carrier. The postal inspector then applied to a federal magistrate for a warrant to search Flippen's home. The magistrate found sufficient probable cause and issued a search warrant, but admitted some reservations about the "anticipatory" aspect of the warrant.
 
 
 4
 The postal inspector accompanied Flippen from his office to his home where Flippen agreed to open his home for the search. The inspectors immediately recovered the mailed materials which were unopened on the foyer floor below Flippen's mail chute.
 
 
 5
 At trial, Flippen moved to suppress all of the evidence seized at his home. The district court denied the motion, finding that even though there was not probable cause to support a search warrant for the materials of the controlled delivery, because of the warrant's "anticipatory" nature, the materials would be admissible under the good faith exception of United States v. Leon, 468 U.S. 897 (1984). The jury found Flippen guilty. This appeal followed.
 
 II
 
 6
 Flippen argues that the trial court's admission of the retrieved mailed materials into evidence under Leon was erroneous because the postal inspector had not acted in good faith. His argument is two-pronged. First, he contends that the postal inspector's bad faith is demonstrated by the inspector's knowledge when he sought the warrant that the mailed materials were not yet at the defendant's home. And, second, he argues that the statement in the warrant that the subject videotape "is now being concealed" at defendant's home renders the warrant facially deficient, precluding good faith reliance upon it by the inspector.
 
 
 7
 Although argued differently, this precise issue recently was before us in United States v. Goodwin, No. 88-5011, --- F.2d ---- (4th Cir. Aug. 4, 1988). The facts of Goodwin are nearly identical to those in the present case: a search warrant issued for the defendant's home based on the anticipated, controlled delivery of child pornography as part of the government's sting operation. On appeal, the defendant argued that the "anticipatory" warrant violated the fourth amendment because probable cause to believe the materials were at his home did not exist when the warrant issued.
 
 
 8
 In Goodwin, we followed several courts that had approved "anticipatory" warrants in similar contexts. In particular, we agreed with the Ninth Circuit's reasoning that such warrants are permissible when the contraband "is on a sure course to its destination, as in the mail...." United States v. Hale, 784 F.2d 1465, 1468 (9th Cir.1986). That standard is met in the present case. The postal inspector's affidavit established that the contraband to be seized was "on a sure course to its destination" and it sufficiently detailed the other indicia of probable cause.
 
 
 9
 Because the search warrant was valid, Flippen's arguments for the exclusion of the evidence fail without any need for recourse to Leon's "good faith" exception.
 
 III
 
 10
 Flippen also argues that the evidence does not support his conviction under 18 U.S.C. Sec. 2252(a)(2). In relevant part, the statute provides:
 
 
 11
 Any person who knowingly receives ... any visual depiction ... that has been ... mailed ..., if
 
 
 12
 (A) the producing of such visual depiction involves the use of a minor engaged in sexually explicit conduct; and
 
 
 13
 (B) such visual depiction is of such conduct; shall be punished....
 
 
 14
 In brief, Flippen argues that technically he did not "receive" the contraband because the unopened package was retrieved from the floor below his mail chute by the postal inspector without ever coming into his physical possession. The only authority he cites for his position is Black's Law Dictionary. He points to the common definition of "receive"--to take into possession and control; accept custody of; collect--and from that argues that he should not have been convicted because his behavior did not comport with the definition.
 
 
 15
 Flippen's argument is without merit. One who requests child pornography through the mail, knowing what it is, and subsequently receives it at his home as requested "knowingly receives" the material in satisfaction of the statute.
 
 IV
 
 16
 Because the principal dispositive issue has been recently decided authoritatively and the facts and legal arguments as to the remaining issue are adequately presented in the briefs, we have concluded that the decisional process would not be significantly aided by oral argument, removed this appeal from the oral argument calendar, and decided it on the written briefs of the parties. Fed.R.App.P. 34(a); 4th Cir.R. 34(a).
 
 
 17
 AFFIRMED.